## Case No. 7,791.

### KING v. FORCE.

[2 Cranch, C. C. 208.][1]

Circuit Court, District of Columbia. June Term, 1820.

TRIAL OF TITLE TO COPYRIGHT—ISSUE FROM CHANCERY—BILL AND ANSWER AS EVIDENCE—DATE OF ENTRY OF MAP—FAILURE TO ENGRAVE ON FACE THEREOF.

1. On the trial of an issue from chancery to try the title to copyright, the bill and answer cannot be read in evidence to the jury, unless it be so ordered by the court of chancery when the issue is ordered.

2. The omission to have the date of depositing the title of the map engraved thereon, is fatal to the plaintiff's title.

[Cited in Farmer v. Calvert Lithographing, Etc., Co., Case No. 4,651.]

This was an issue from chancery, to try the complainant's title to a map of the city of Washington.

Mr. Key and Mr. Caldwell, offered to read the bill and answer in evidence to the jury;

[1] [Reported by Hon. William Cranch, Chief Judge.]

and stated that in the case of Peter's will, the libel and answer in the orphans' court had been read in evidence.

Mr. Jones, for complainant [Robert King], objected that the bill and answer cannot be read in evidence, unless it be so ordered by the court of chancery at the time of ordering the issue.

THE COURT (nem. con.) refused to permit the bill and answer to be read in evidence for the defendant [Peter Force], it not having been so ordered at the time of directing the issue; and the jury having been sworn, it is too late now for this court, as a court of chancery to make the order, as it would be a surprise upon the complainant.

Mr. Key, for defendant, contended that the omission of the plaintiff to cause the date of the entry of the map to be engraved upon the face thereof, according to the provision of the 29th of April, 1802, was fatal to the plaintiff's title.

Mr. Jones, admitted this objection to be fatal, and THE COURT so instructed the jury; whereupon the following entry was made in the minutes of the court: "King v. Force. Upon the trial of the issue in this case, it appearing from the face of the map, whereof the plaintiff claimed the copyright, that the plaintiff as the author and proprietor of the said map, had not caused to be impressed upon the face thereof the words denoting the date of the entry according to the act of congress, in strict pursuance of the first section of the act of congress passed on the 29th day of April, 1802 (2 Stat. 171), entitled an act supplementary to an act entitled an act for the encouragement of learning, &c., the court thereupon, at the motion of the defendant's counsel decided and so instructed the jury, that by reason of the said omission, the plaintiff was not entitled to claim the copyright of the map in question, or any benefit of the act to which the above-mentioned act is a supplement; whereupon the plaintiff, by protestation reserving his right to republish his said map, with a correction of the error and omission above suggested, prayed leave to dismiss his bill of injunction, and discharge the jury from any further consideration of the issue aforesaid; which is done accordingly."